# Martin S. Rapaport
Attorney at Law
6th Floor
18 East 48th Street
New York, New York 10017

(212) 688-1980
(212) 355-4175
Fax (212) 688-9374

February 19, 2009

Honorable I. Leo Glasser
Senior United States District Court Judge
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y.  11201
by facsimile: 718-613-2446

        Re:  Nulux Inc. v. Rafael Ramirez, et al.
            Docket No. 01 Civ 3023 (ILG/JA)

Dear Judge Glasser,

    We represent the Plaintiff in the above-captioned matter, and we are writing with respect to Your Honor's disposition of the Defendants' motion for summary judgment.

    After dismissing the federal claims in this action – which originally was brought in New York State Supreme Court and was removed to this federal District Court by Defendants back in 2001 – Your Honor declined to exercise pendent jurisdiction over the remaining New York State claims. **Rather than remanding the remaining claims to the New York State Supreme Court, Your Honor dismissed them without prejudice.**

    It is our understanding that the usual course in a case that was removed to this federal District Court back in 2001, followed by numerous motions and extensive discovery, and the Court thereafter dismisses the federal claims and declines to exercise pendent jurisdiction of the remaining New York State claims, would be to remand the remaining claims to the New York State Supreme Court. In fact, particularly in a case commenced back in 2001, where the statute of limitations would likely bar the remaining claims if they had to be plead in a new action, dismissal of the claims would, as a practical matter, be "with prejudice" rather than "without prejudice."

1

## Martin S. Rapaport
### Attorney at Law

Since it clearly was not Your Honor's intention to dismiss the remaining New York State Court claims with prejudice, it appears that a remand would have better served Your Honor's purpose and allowed Plaintiff to continue to litigate its state law claims in New York State Supreme Court.

In fact, with that understanding in mind, we attempted to have the New York State Supreme Court action put back on the calendar, it having been marked off calendar in 2006 due to the removal of the action to this federal District Court. When we circulated a stipulation to our adversaries, they indicated that they could not sign such a stipulation because Your Honor had in fact dismissed the New York State claims, rather than remanding them back to New York State Supreme Court. Thus, we are now in a "Catch 22" situation: commencing a new action will undoubtedly be met with statute of limitations arguments; and our attempt to continue the existing action has been met with the argument that it has been "dismissed."

Is there any way that we may persuade Your Honor to modify the existing Order to simply state that the remaining New York State claims are remanded to New York State Supreme Court? Would we have to make a motion for such relief or could such relief be obtained by "So Ordering" this letter?

We thank you for your time and consideration of this matter, and we look forward to your response.

Yours respectfully,

Martin S. Rapaport
(MR 8730)

cc: Larry S. Reich, Esq.
Blank Rome LLP
The Chrysler Building
405 Lexington Avenue
New York, N.Y. 10174
by facsimile: 212-885-5001

Paul I. Perlman, Esq.
Hodgson Russ LLP
One M & T Plaza
Suite 2000
Buffalo, N.Y. 14203-2391
by facsimile: 716-819-4616