

Paul I. Perlman
Partner
Direct Dial: 716.848.1479
Direct Facsimile: 716.819.4616
pperlman@hodgsonruss.com

February 20, 2009

**VIA FAX 718-613-2446 & FIRST CLASS MAIL**

Hon. I. Leo Glasser
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Dear Jude Glasser:

> Re:  **Nulux, Inc. v. Ramirez et al**
> **Docket No. 01-CV-3023 (ILG)**
> **Second Circuit Docket #08-5862 (Appeal Pending)**

I represent Litelab Corporation, a defendant in this action. I have received a copy of Nulux' counsel's (Mr. Rappaport) February 19 letter to Your Honor, requesting that Your Honor revise the Court's October 31, 2008 Order so as to delete the dismissal of any remaining pendant state law and, instead, to remand the case to New York State Supreme Court, from which the case was removed in May 2001. Litelab opposes this request.

On December 1, 2008, Nulux filed a Notice of Appeal to the Second Circuit. The Notice of Appeal takes an appeal from "the Order entered in this action on the 31st day of October 2008 . . . and this appeal is taken from each and every part thereof." The Notice of Appeal is docketed in the District Court docket as Item #102. The appeal is currently pending.

As this court has held, "[t]he filing of a notice of appeal is a jurisdictionally significant event; it generally divests the district court of jurisdiction over those aspects of the case that are involved in the appeal." *Patel v. British Airways*, 841 F.Supp. 87 (E.D.N.Y. 1994) (Glasser, U.S.D.J.). In this case, all aspects of this court's October 31, 2008 Order, and of the resulting Clerk's Judgment, are involved in the appeal. Accordingly, we respectfully suggest that the district court is divested of jurisdiction at this time.

Even if Your Honor were inclined to consider Nulux' request, the request should be denied. Mr. Rapaport's statement that a dismissal of the claims would be, as a practical matter, a dismissal "with prejudice" is based on a misunderstanding by him of the rules regarding when time does and does not run on the statute of limitations. Mr. Rapaport provides no case law or statutory authority for his statement, and, indeed, there is none. The appropriate procedure is not to remand the case, but as the Court has done, to dismiss the remaining pendant state claims without prejudice, and permit Nulux to file a new state court lawsuit, with a new Complaint that does not include the causes of action that were dismissed on the merits and that

February 20, 2009
Page 2



does not include page after page of factual allegations that are not relevant to any remaining pendant state claims.

Accordingly, we ask that Your Honor deny Nulux' request, and permit the pending Second Circuit appeal to run its course.

Respectfully yours,

Paul I. Perlman

kas

cc:  Martin Rapaport, Esq. (Via Fax 212-688-9374 & First Class Mail)
     Larry Reich, Esq. & Jeremy Reiss, Esq. (Via Fax 212-885-5001 & First Class Mail)